UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>JULIUS DARNELL ROBERTS,<br><br>                Defendant. | No. CR-02-0282-FVS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE |

**THIS MATTER** comes before the Court on Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 196). Assistant United States Attorney Stephanie Van Marter represents the United States, and Defendant is represented by Matthew A. Campbell.

**BACKGROUND**

On November 19, 2002, an indictment was returned against Defendant charging him with conspiracy to distribute cocaine base (Count 1), distribution of cocaine base (Count 2), possession with intent to distribute more than 50 grams of cocaine base (Count 3), and felon in possession of a firearm (Count 4). (ECF No. 1). On December 16, 2003, Defendant entered a guilty plea to counts three and four of the indictment. (ECF No. 59). Defendant was categorized as a career offender, and it was determined that Defendant's total offense level was 34 and his criminal history category was VI for a guideline range of 262 to 327 months. Defendant was sentenced on May 4, 2004, to 262 months incarceration. The Ninth Circuit affirmed the sentence.

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE - 1

On December 29, 2008, Defendant filed a motion pursuant to 28 U.S.C. § 2255. (ECF No. 114). Based on a change in case law, the Government agreed that Defendant should no longer be categorized as a career offender. Defendant's total offense level was determined to be 31 and his criminal history category was reduced to V for a guideline range of 168 to 210 months. On December 18, 2009, this Court re-sentenced Defendant to 168 months incarceration. (ECF No. 168). The Ninth Circuit upheld the new sentence. Defendant's anticipated release date is January 18, 2015. (ECF No. 196 at 2).

**DISCUSSION**

Defendant requests a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the United States Sentencing Commission's Amendment 750 which has changed the Drug Quantity Table for offenses involving cocaine base (crack).

Effective November 1, 2011, U.S.S.G. § 2D1.1 was amended to generally reduce the base offense level for crack cocaine based upon changes made to the ratio between powder cocaine and crack cocaine. The amendment was made retroactive by having it included in the list of retroactive amendments in U.S.S.G. § 1B1.10. See U.S.S.G. App. C, Amend. 750. The Court is to determine the amended guideline range that would have been applicable to Defendant if the amendment to the guideline had been in effect at the time Defendant was sentenced. U.S.S.G. § 1B1.10(b)(1).

Counsel for Defendant argues that, based on the retroactive amendment to the crack cocaine guidelines, Defendant's Total Adjusted Offense Level should be reduced from 31 to 29. (Ct. Rec. 196 at 4).

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE - 2

He asserts that with this reduction, and based on a Criminal History Category of V, Defendant's amended guideline range would be 140 to 175 months, as opposed to the prior range of 168 to 210. *Id*. Counsel for Defendant requests that Defendant be given the minimum term available under the amended guideline range (140 months), a 28-month reduction to his current sentence. *Id*.

The Government filed a response objecting to the motion for reduction of sentence. (ECF No. 198). Although the Government agrees that Defendant's applicable guideline range is lowered to 140 to 175 months based on the new amendment to the crack cocaine guidelines, Defendant's sentence of 168 months still falls within that range. Therefore, the Government asserts that the Court is not required to modify Defendant's sentence. The Government argues that based upon the record before the Court, Defendant's sentence of 168 months remains appropriate under the totality of the circumstances in this case. (ECF No. 198 at 4).

The Court has reviewed the record, including the recent filings by both parties and the October 26, 2009 revised pre-sentence investigation report (ECF No. 149). Based on the retroactive amendment to the crack cocaine guidelines, Defendant's Total Adjusted Offense Level should be reduced from 31 to 29. With this reduction, and based on a Criminal History Category of V, Defendant's amended guideline range is 140 to 175 months. This new guideline range is not contested. However, given that Defendant's current sentence of 168 months still falls within the new guideline range, Defendant is not entitled to an automatic modification of his sentence.

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE - 3

Defendant, age 34, was born in Victorville, California.  His parents divorced in 1985.  After the divorce, Defendant lived more often with his father than his mother.  It does not appear that Defendant is married, but he has two minor children from separate romantic relationships.  Defendant began drinking alcohol at age 8.  He first tried illicit substances at age 16, beginning with marijuana.  He used marijuana daily and, at the time of his arrest, was smoking six to eight joints per day.  He first tried cocaine at age 17 and used cocaine once or twice every other day prior to his arrest.  At the time of his arrest, Defendant was a confirmed gang member.

Defendant's arrest resulted from his possession of a substantial amount of cocaine base which he was selling with the aid of another individual.  He indicated he committed the offense in order to support his own drug habit.  Defendant admitted he supported himself by "hustling and selling drugs."  At the time of his arrest, Defendant possessed a firearm with an obliterated serial number.  He also resisted his arrest and fought with officers.

Defendant has a lengthy criminal history that demonstrates a consistent pattern of violence against his significant others as well as a prior drug-related felony.  He has served several prior periods of incarceration.  He also has a juvenile rape adjudication for which he served time in a juvenile institution.

Defendant should be commended for earning his GED and pursuing other educational opportunities while incarcerated.  However, Defendant has also had two infractions, which were not minimal, resulting in sanctions.

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE - 4

Considering the 18 U.S.C. § 3553(a) factors and the totality of the circumstances present in this case, it is this Court's determination that 168 months incarceration remains an appropriate and reasonable sentence.

Accordingly, **IT IS HEREBY ORDERED** Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (**ECF No. 196**) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___12th___ day of January, 2012.

S/Fred Van Sickle
Fred Van Sickle
Senior United States District Judge