UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Respondent,<br><br>     v.<br><br>JULIUS DARNELL ROBERTS,<br><br>                Petitioner. | No. CR-02-0282-FVS<br>    CV-12-0459-FVS<br><br>ORDER DENYING PETITIONER'S<br>SECTION 2255 MOTION |

**THIS MATTER** came before the Court on Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (ECF No. 206). Petitioner is proceeding pro se. Respondent is represented by Stephanie A. Van Marter.

**BACKGROUND**

On November 19, 2002, an indictment was returned against Petitioner charging him with conspiracy to distribute cocaine base (Count 1), distribution of cocaine base (Count 2), possession with intent to distribute more than 50 grams of cocaine base (Count 3), and felon in possession of a firearm (Count 4). (ECF No. 1). On December 16, 2003, Petitioner entered a guilty plea to counts three and four of the indictment. (ECF No. 59). Petitioner was categorized as a career offender, and it was determined that Petitioner's total offense level was 34 and his criminal history category was VI for a guideline range of 262 to 327 months. Petitioner was sentenced on May 4, 2004, to 262 months incarceration. The Ninth Circuit affirmed the sentence.

On December 29, 2008, Petitioner filed his initial motion pursuant to 28 U.S.C. § 2255. (ECF No. 114). Based on a change in case law, the Government agreed that Petitioner should no longer be

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 1

categorized as a career offender. Petitioner's total offense level was determined to be 31 and his criminal history category was reduced to V for a guideline range of 168 to 210 months. On December 18, 2009, this Court re-sentenced Petitioner to 168 months incarceration. (ECF No. 168). The Ninth Circuit affirmed the Court's sentence on March 8, 2011. (ECF No. 190).

On December 19, 2011, Petitioner filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the United States Sentencing Commission's Amendment 750 which changed the Drug Quantity Table for offenses involving crack cocaine. (ECF No. 196). Petitioner's motion in this regard was denied by the Court on January 12, 2012. (ECF No. 199). On January 18, 2012, Petitioner lodged a notice of appeal of the Court's January 12, 2012 order. (ECF No. 200). That appeal remains pending.

Petitioner filed the instant petition for habeas relief challenging his December 18, 2009 re-sentencing on August 3, 2012. (ECF No. 206).

**DISCUSSION**

**I.  Legal Standard**

The Court conducts an initial review of a Section 2255 motion. The initial standard of review for motions under Section 2255 is whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). If it plainly appears that the movant is not entitled to relief in the district court, the petition shall be sua sponte denied. This initial review is conducted prior to the Court ordering the United States Attorney to file an answer.

**II.  Issues Presented**

Petitioner presents the following grounds for relief pursuant to 28 U.S.C. § 2255:

    1.  WAS TRIAL COUNSEL INEFFECTIVE DURING THE RE-SENTENCING FOR FAILING TO ARGUE AGAINST THE OBSTRUCTION OF JUSTICE ENHANCEMENT AND FOR FAILING TO RAISE THE SPEARS CASE?

    2.  DID THE TRIAL COURT ERR BY ENHANCING PETITIONER'S SENTENCE BASED ON OBSTRUCTION OF JUSTICE?

    3.  SHOULD THE COURT HAVE CONSIDERED THE SPEARS CASE?

(ECF No. 206).

**III.  Timeliness of Section 2255 Motion**

Section 2255 imposes a one-year statute of limitations on a section 2255 motion.  28 U.S.C. § 2255(f).  The limitations period begins to run from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  Petitioner took a direct appeal but did not seek certiorari.  Based on these circumstances, the limitations period began to run 90 days after the direct appeal was denied.  *Bowen v. Roe*, 188 F.3d 1157, 1158-1159 (9th Cir. 1990).

Petitioner's instant petition for habeas relief challenges actions which relate to his December 18, 2009 re-sentencing.  (ECF No. 206).  Petitioner's direct appeal regarding the December 18, 2009 re-sentencing was denied on March 8, 2011[1] (ECF No. 190), so the period began to run on June 6, 2011, 90 days later.  Defendant thus had until June 6, 2012, to file a section 2255 motion.  The instant petition was

---

[1] "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Sup.Ct.R. 13.3.

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 3

not filed until August 3, 2012. (ECF No. 206). Accordingly, Petitioner's section 2255 motion is untimely.

**RULING**

The Court being fully advised, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (**ECF No. 206**) is **DENIED** as time-barred.

2. The District Court Executive is directed to **close** this case as well as the corresponding civil case: **CV-12-0459-FVS.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to Petitioner and to counsel.

**DATED** this ___31st___ day of August, 2012.

S/Fred Van Sickle
Fred Van Sickle
Senior United States District Judge
