UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JULIUS DARNELL ROBERTS,

Defendant.

No. CR-02-0282-FVS

ORDER GRANTING MOTION FOR RECONSIDERATION, VACATING ORDER DENYING PETITIONER'S SECTION 2255 MOTION, AND DIRECTING PLAINTIFF TO FILE RESPONSE TO DEFENDANT'S SECTION 2255 MOTION

**THIS MATTER** came before the Court on Petitioner’s motion for reconsideration of the Court's order finding his Section 2255 petition time barred. (ECF No. 208). Petitioner is proceeding pro se. Respondent is represented by Stephanie A. Van Marter.

**DISCUSSION**

On August 3, 2012, Petitioner filed a petition for habeas relief challenging his December 18, 2009 re-sentencing. (ECF No. 206). On August 31, 2012, the Court denied the petition as untimely. (ECF No. 207). Petitioner now moves for reconsideration of that order. (ECF No. 208).

Under Fed.R.Civ.P. 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, "unless the Court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

On reconsideration, Petitioner attaches evidence not previously presented to the Court and argues that this Court has committed clear error by finding the petition time barred. Petitioner provides documentation which indicates the United States Supreme Court extended the time for Petitioner to file a petition for writ of certiorari up to and including August 1, 2011. (ECF No. 208, Exh. A). The Court previously concluded that Petitioner had only until June 6, 2011, to file a petition for a writ of certiorari.[1]

Section 2255 imposes a one-year statute of limitations on a section 2255 motion. 28 U.S.C. § 2255(f). The limitations period begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review by certiorari. *Bowen v. Rowe*, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). The Ninth Circuit has held that "the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, **whether or not the petitioner actually files such a petition**." *Id*. (emphasis added). Based on the newly presented documentation, it is apparent that Petitioner had been granted an extension of time and was permitted to

[1]Petitioner's direct appeal regarding the December 18, 2009 re-sentencing was denied on March 8, 2011. (ECF No. 190). Because Petitioner did not previously inform the Court that he requested and was granted an extension of time to file a petition for a writ of certiorari, the Court determined that the period began to run on June 6, 2011, 90 days later. *See Bowen v. Rowe*, 188 F.3d 1157.

file a petition for writ of certiorari by August 1, 2011. (ECF No. 208, Exh. A). Petitioner thus had until August 1, 2012, not June 6, 2012, to file a timely section 2255 motion.

The petition was not filed until August 3, 2012; however, the petition was submitted by the pro se petitioner in July of 2012. (ECF No. 206). Pursuant to the mail-box rule, Petitioner's section 2255 motion was timely. Accordingly,

**IT IS HEREBY ORDERED:**

1. Petitioner's motion for reconsideration (**ECF No. 208**) is **GRANTED.**

2. The Court's order denying the petition as untimely (ECF No. 207) is **VACATED.**

3. The government shall file a **response** to Petitioner's Section 2255 Motion (ECF No. 206) on or before **October 26, 2012**, and serve the same on **Petitioner**. *See* Rule 4(b), Rules Governing Section 2255 Proceedings For the United States District Courts.

4. Petitioner shall file a reply, if he so chooses, by no later than **November 16, 2012.**

5. Petitioner's Section 2255 Motion shall be noted for hearing, without oral argument, on **November 30, 2012 at 6:30 p.m.**

**IT IS SO ORDERED.** The District Court Executive shall enter this order and furnish copies to Petitioner and to counsel.

**DATED** this 19th day of September, 2012.

S/Fred Van Sickle
Fred Van Sickle
Senior United States District Judge